**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

PRESTON SEAN GREEN,                  *

Plaintiff                                *

v.                                   *     Civil Action No. GLR-15-2026

UNITED STATES OF AMERICA      *

Defendant                         *
                                   ***

**MEMORANDUM OPINION**

The above-captioned case was opened on July 8, 2015 upon receipt of a Complaint alleging Plaintiff had been improperly arrested. The self-represented pleadings did not state a claim as presented and did not name a proper Defendant. ECF No. 1.  Plaintiff was granted an opportunity to supplement the Complaint to cure the deficiencies.  ECF No. 3.  The Court is in receipt of Plaintiff's Amended Complaint. ECF No. 4.  Plaintiff's Motion for Leave to Proceed (ECF No. 2) shall be granted.

This Court may preliminarily review a complaint and dismiss it pursuant to 28 U.S.C. § 1915(e) prior to service if satisfied that the complaint states no legal basis for the relief sought. See Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992); Cochran v. Morris, 73 F.3d 1310, 1314 (4th Cir. 1996).

Plaintiff's Amended Complaint does nothing to cure the previously noted deficiencies. Plaintiff names the United States of America as the sole Defendant.  ECF No. 4, p. 1.  In the body of his Complaint he indicates that on January 28, 2014, he was arrested in Prince George's County, Maryland. Id., p. 3. Ultimately, he indicates, the case was nolle prossed. Id. He offers not further information regarding the circumstances surrounding his arrest, how his rights were violated, or by whom. Id.

Plaintiff's complaint is subject to dismissal for failure to state a claim.   A court is not obliged to ferret through a Complaint, searching for viable claims. The instant Complaint "places an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their defenses might be" and imposes a burden on the court to sort out the factual basis of any claims fairly raised, making dismissal under Rule 8 appropriate.  Holsey v. Collins, 90 F.R.D. 122 (D.Md.1981); see also Spencer v. Hedges, 838 F.2d 1210 (Table) (4th Cir.1988).   To comply with the rule, a Plaintiff must provide enough detail to illuminate the nature of the claim and allow Defendants to respond. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although district courts have a duty to construe self-represented pleadings liberally, Plaintiff must nevertheless allege facts that state a cause of action.  See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.1985) (duty to construe liberally does not require courts to conjure up questions never squarely presented).

The instant Complaint does not comply with the requirements of Fed. R. Civ. Proc. 8(a)(2) which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(e)(1) requires that each averment of a pleading be "simple, concise, and direct."  A pleading must give the court and Defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swirkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A Court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir.1988). Here, the Complaint provides no factual support as to Plaintiff's claim that his arrest was somehow unlawful.  As such, it does not provide this Court or any potential Defendants "fair notice" of the claims and

2

facts upon which they are based.  Thus, the Complaint must be dismissed.  A separate order

follows.

Entered this 19th day of December, 2016

/s/

_____
George Levi Russell, Jr.
United States District Judge